**Clara Lyle BOONE, Petitioner,**

v.

**Mattie TAYLOR, Martha Swain, Anita Allen, John Sessions, and District of Columbia Board of Elections, Respondents.**

**No. 3998 Orig.**

District of Columbia Court of Appeals.

Argued May 29, 1969.

Decided Aug. 14, 1969.

Richard J. Hopkins, Washington, D. C., for petitioner.

John R. Hess, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for individual respondents.

Before HOOD, Chief Judge, and KERN and GALLAGHER, Associate Judges.

PER CURIAM.

The District of Columbia Elected Board of Education Act, approved April 22, 1968, provided for an elected school board of eleven members, three to be elected at large and one each from eight wards.[1] The Act amended the District of Columbia Election Law by providing, among other things, that the election of the school board members should be conducted by the Board of Elections.[2] The Election Law, as amended provides:[3]

Within seven days after the Board certifies the results of an election, any person who voted in the election may petition the District of Columbia Court of Appeals to review such election. In response to such a petition, the court may set aside the results so certified and declare the true results of the election, or void the election in whole or in part. To determine the true results of an election the court may order a recount or take other appropriate action, whether or not a recount has been conducted or requested, pursuant to subsection (a). The court shall void an election only for fraud, mistake, the making of expenditures by a candidate in violation of this chapter, or other defect, serious enough to vitiate the election as a fair expression of the will of the registered qualified electors voting therein.

Miss Boone has filed in this court a petition to review the 1968 school board election, challenging the election of the four individual respondents who were certified by the Board of Elections as elected to the Board of Education. Her challenge is that the respondents violated the requirement of the Elected Board of Education Act that "[t]he election of the members of the Board of Education shall be conducted on a nonpartisan basis"[4]

The specific charges of the petition are that the individual respondents "acting in concert with the Democratic Central Committee for the District of Columbia and/or the District of Columbia Republican Central Committee, did conduct a partisan political campaign in the November 26, 1968 Board of Education election by circulating or permitting to be circulated campaign literature containing political endorsements, issuing or permitting to be issued sample ballots containing political endorsements, and using political party personnel as campaign workers. The purpose and effect of the aforesaid acts being to produce a politically partisan Board of Education election by inducing voters to vote for the

1. D.C.Code 1967, § 31–101 (1969 Supp.).

2. D.C.Code 1967, § 1–1101 (1969 Supp.).

3. D.C.Code 1967, § 1–1111(b) (1969 Supp.).

4. D.C.Code 1967, § 31–101(a) (1969 Supp.).

aforesaid Respondents because of political party loyalty."

The Board of Elections has filed no response to the petition. The individual respondents have filed a brief which denies none of the allegations of the petition but asserts that Congress in requiring that the election be conducted on a nonpartisan basis neither proscribed nor intended to proscribe the type of conduct set forth in the petition. Oral argument has been heard on the legal issues thereby raised.

A very similar question was presented to the United States District Court for the District of Columbia in an action filed prior to the first election.[5] There a candidate for election sought to enjoin the District of Columbia Republican Central Committee and the Democratic Central Committee, and the chairman of the two committees, from endorsing particular candidates and assisting in the campaign expenses of candidates so endorsed.

In denying the injunction Judge Corcoran made the following conclusions of law:

1. Section 2(a) of the District of Columbia Board of Education Act as amended April 22, 1968 provides: "The election of the members of the Board of Education shall be conducted on a nonpartisan basis * * *." This language clearly indicates the intention of the Congress that candidates for the Board not be nominated by political parties or file for election under party designation; and directs the Board of Elections to prohibit in the general election the designation on the ballots of any reference to political parties by words, symbols, etc.

2. The statute is not to be interpreted as controlling the conduct of persons or organizations in such a way as to prohibit their expressing a choice, preference or endorsement among the candidates. To construe the statute otherwise so as to inhibit expressions of choice, preferment or endorsement by any persons, including the members of political party committees, would raise grave questions as to the statute's constitutionality for reason of conflict with the First Amendment to the Constitution of the United States.[6]

We agree with the conclusions reached by Judge Corcoran.

It is our opinion that Congress in ordering that the School Board election be "conducted on a nonpartisan basis" provided three, and only three, means of accomplishing its purpose. First, and foremost, it provided that candidates be nominated by a petition signed by a certain number of citizens, thus insuring that the candidates should not be nominated by a political party and that there should be no slate of candidates respresenting a political party. Second, it provided that no candidate should hold an elective office other than delegate to a convention of a political party nominating candidates for President and Vice-President. Third, it provided that the school board elections should be held in odd numbered years, thereby keeping the school board election away from the atmosphere and effects of local and national partisan political activity.

If, as we have held, Congress did not prohibit a political party from giving its approval to a candidate or candidates, it follows that a candidate is not prohibited from receiving such approval and using the benefits of such approval to his advantage in the same manner as a candidate may receive and use the approval, and accompanying benefits, of other organizations such as citizens associations, parent-teachers associations, business groups, and other like organizations.

Accordingly, the relief sought by the petition is denied.

5. The individual respondents were elected in a second or runoff election.

6. Mitchell v. Hahn, et al., Civil Action No. 2448–68 (October 31, 1968).