Martha A. MOSLEY and Ira L. Mosley,
Petitioners,

v.

BOARD OF ELECTIONS OF the DIS-
TRICT OF COLUMBIA, Respondent.

No. 6106.

District of Columbia Court of Appeals.

Argued Oct. 21, 1971.

Decided Oct. 22, 1971.

Robert F. Steeves, Washington, D. C., for petitioners.

Earl A. Gershenow, Asst. Corp. Counsel, with C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, for Board of Elections.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

PER CURIAM:

On September 27, 1971, petitioners filed a challenge to the nominating petitions of Anita F. Allen as a candidate for an at-large seat on the Board of Education. Pursuant to D.C.Code 1967, § 1–1108(p) (2) (Supp. IV, 1971), the District of Columbia Board of Elections conducted a hearing on September 30, 1971. Subsequently, the Board issued an order validating the nominating petitions. Petitioners now bring this petition for review by this court of the Board's decision. They contend that the omission of the date of initiation from the front page of some of Mrs. Allen's petitions violates the Board of Elections regulations, and invalidates these petitions.

The Board found that certain of Mrs. Allen's forms did omit the initiation date and that the omission of the date of initiation from the front of a petition form does not comply with Section 31.2 of the regulations. Furthermore, the Board's findings demonstrate that if the challenge were sustained the nominating petitions would not contain the 125 signatures from each ward which are statutorily required for a valid nomination. D.C.Code 1967, § 1–1108(o) (Supp. IV, 1971).

In validating the nominating petitions, however, the Board exercised its authority under Section 31.5(b) (3) [1] of its regulations and found the omission of the date the petitions were initiated to be merely "formal error" not necessitating the invalidation of the petitions. Petitioners contend that these omissions are of such a nature that they may not properly be waived as "formal error" and that Mrs. Allen should be disqualified as a candidate.[2] Therefore, the issue presented by this petition is the correctness of the Board's ruling that the omission of the initiation date constitutes "formal error."

The Board stated that the date was important to assure "that no petition is circulated prior to the legal date for soliciting signatures." This provision is designed to prevent any candidate from having an unfair advantage in the solicitation of signatures. Since the Board found that it did not distribute the forms to potential candidates until after it was legally permissible to obtain signatures, it concluded that the omission of the dates constituted merely "formal error." Petitioners contended at oral argument that an additional reason for requiring the initiation date is that initiators must be duly registered on the date that the nominating petitions are initiated, and the date is critical in the determination of whether the initiator was so registered.

Although the registration records were available to petitioners, they specifically declined to contend that any initiator in question was not registered as a voter in the District of Columbia in the crucial period. Consequently, there is no assertion that the nominating process was obstructed or polluted in any way, nor that substantive harm to any other candidate flowed from the absence of the date of initiation. On this record we affirm the Board's finding under Section 31.5(b) (3) that the omission of the dates on the initiator's certification was only "formal error" and capable of being waived by the Board.

We wish to say, however, that though the Board has not been in existence very long, the time has come when it must exercise closer supervision over the nominating and electoral process to insure that its regulations are met. While there is no indication of corruption of the process before us in this case, the time could come when this might occur if the Board does not tighten its procedures to insure close supervision, aided by instructions to candidates and others involved.

Affirmed.

---

1. 37 D.C.C.R. § 31.5(b) provides:
   Material to be Filed: A petition nominating a candidate for the Board of Education may not be finally accepted by the Board for inclusion on the ballot unless: * * * (3) the petition * * * meets all the requirements of these Regulations and of the Election Act, *provided that the Board, in its discretion, may waive any formal error.* (Emphasis supplied.)

2. Petitioners also allege that the Board erred in determining that the omission of Ward numbers from two petition forms was "formal error." This contention was not pressed upon oral argument, and in view of the Board's finding that a check of its record showed that all the signatures on the forms were from the proper ward, we see no reason to upset the finding of "formal error" on this point.
   In addition, petitioners originally contested Board findings of "formal error" as to: (1) discrepancies between the addresses given by certain signers on the petition forms and their addresses on their registration cards; and (2) the omission of the year in the date of initiation of a petition form in Ward 3. However, petitioners conceded at oral argument that the discrepancies in addresses affected only four or five signatures, and even if the Board erred regarding the challenged petitions a contrary decision would not affect the ultimate outcome of the challenge. Regarding the omission of the year date on a Ward 3 petition, it was acknowledged by petitioners at oral argument that this was an example of "formal error."