Juanita Kennedy MORGAN, Petitioner,

v.

Robert E. MARTIN, Chairman, Board of Elections for the District of Columbia, et al., Respondents.

Leaford C. WILLIAMS, Petitioner,

v.

Robert E. MARTIN, Chairman, Board of Elections for the District of Columbia, et al., Respondents.

Wilhelmina Jackson ROLARK, Petitioner,

v.

BOARD OF ELECTIONS FOR the DISTRICT OF COLUMBIA, Respondent.

Nos. 8870, 8872 and 8873.

District of Columbia Court of Appeals.

Argued Oct. 21, 1974.

Decided Oct. 25, 1974.

John J. Spriggs, Jr., Washington, D. C., with whom Juanita Kennedy Morgan was on the pleading, for petitioner in No. 8870.

Arthur J. Levine, Washington, D. C., with whom Michael E. Goldman and Roy J. Bucholtz, Washington, D. C., were on the pleading, for petitioner in No. 8872.

Wilhelmina Jackson Rolark, pro se.

Matthew S. Watson, Acting Gen. Counsel, D. C. Board of Elections and Ethics, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Richard W. Barton and Leo N. Gorman, Asst. Corp. Counsels, Washington, D. C., were on the pleadings for respondents in Nos. 8870, 8872 and 8873.

Before FICKLING, GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

These consolidated cases are here on petitions for review pursuant to the District

of Columbia Election Act (D.C.Code 1973, § 1–1111(b)). They relate to the recent primary election held in this city on September 10, 1974, and, more specifically, relate to the primary election on that date for Democratic Party Candidates for membership on the District of Columbia Council for Wards 5 and 8.

*Juanita Kennedy Morgan,* petitioner.

This petition for review is executed by Juanita Kennedy Morgan on her own behalf and alleges it is also on behalf of numerous duly qualified voters of the District.[1]

■ In essence, the petition contains unsworn allegations that "the Election Procedures in Ward Five (5) constituted an Election Fiasco"; that because of irregular procedures some ballot boxes could have been altered or replaced; that, according to media reports, ballots were mixed together; that the computerized results were "a fiasco"; that supervision was lacking; that a voting circular violated fair campaign practices, and that the Precinct 71 was in a physically inadequate room in violation of voters' rights.

These unsworn allegations in the petition for review do not lend themselves to the scrutiny of an appellate court.[2] While it is a matter of common knowledge that there was an unease in the city over the operation of the election machinery in this primary election due in large part to the difficulties with the vote count by computer, which was later abandoned, this is not to say that we have before us a showing sufficient to warrant a voiding of the election in this Ward; nor is the showing sufficient to warrant the institution by the court of an ad hoc fact-finding process in this instance.

*Leaford C. Williams,* petitioner.

■ Petitioner alleges he is a resident and voter in Ward 5 and was a candidate for City Council in that Ward. Petitioner makes unsworn allegations that, while he was present at the recount which decided the winning candidate in the Ward, he was not present during the entire duration of a previous recount. He further alleges, variously, that due to the Board's mismanagement (a) it failed to assure that the "program and equipment" to count the votes by machine were in working order (b) "failed to maintain adequate security of the ballots" (c) erroneously held recounts of the ballots cast in Ward 5 in that no petition for recount was filed[3] and (d) failed to notify him of the first (inconclusive) recount. Petitioner asks that we either set aside the results certified, or void the Ward 5 election and order either a runoff or another primary election.

The Board denied in its response and accompanying affidavit the irregularities alleged and in its sworn statement asserts no ballots were lost or destroyed and all valid ballots were counted. It asserts further by sworn statement that two candidates, on different dates, requested recounts; and that ultimately the Board deemed it advisable to make a final city wide count by hand on September 21, 1974, and based upon this the final vote was certified.

As we have indicated, the election machinery left something to be desired, but petitioners' generalized, unsworn allegations do not afford an adequate basis for this court to give the relief requested, es-

1. The petition is signed by Juanita K. Morgan and annexed thereto is a list containing numerous hand printed names.

2. Counsel for the Board of Elections and Ethics indicated at oral argument his awareness of the deficiencies in the existing legislation in the matter of providing fact-finding machinery before review by this court. It was related to the court that the Election Board will seek to procure remedial legislation by the incoming City Council.

3. Apparently, the Board conducted the recounts due to requests by two candidates and, later, on its own motion to insure that an accurate count would be obtained. All this was prior to a Board certification of the result.

pecially in the light of the Board's affidavit.

*Wilhelmina Jackson Rolark,* petitioner.

This petition for review contains unsworn allegations that the winning Democratic candidate for the Ward 8 seat for City Council (James E. Coates) made "unfair and illegal use of certain facilities of a non-profit organization, the Bethlehem Baptist Church . . . [s]uch facilities included, but are not necessarily limited to, the use of the mailing privileges . . . of Bethlehem Baptist Church in connection with a mass mailing to qualified voters in Ward 8 . . . and the use of the nursery van of Bethlehem Baptist in connection with mobile campaigning." Petitioner further alleges that the Board should have removed the name, or indicated the withdrawal, of Stanley J. Anderson as a candidate in Ward 8.

▬▬▬ These unsworn allegations are not sufficient to enable an appellate court

to utilize its review powers.[4] Lastly, it is evident that candidate Anderson had not met the requirements to withdraw as a candidate and the Board therefore acted correctly.

We take note that in Sec. 704 of the District of Columbia Campaign Finance Reform and Conflict of Interest Act of August 14, 1974, (see note 4) Congress provided that the City Council shall, during 1975, hold hearings and investigations to determine whether existing legislation should be amended in order to improve electoral machinery and insure fair elections. We take the occasion to repeat the exhortation in Mosley, et al. v. Board of Elections, D.C.App., 283 A.2d 210, 211 (1971) that the Board tighten it procedures lest the time come when the election process in this city becomes polluted.

Petitions denied.

---

4. This disposition is without regard to any remedies which may exist under Section 306 of the District of Columbia Campaign Finance Reform and Conflict of Interest Act (Pub.Law 93–376, 93rd Cong., approved Aug. 14, 1974). As to this we express no opinion, except to note that this Section vests certain enforcement responsibilities in the Board. We agree with the Board, however, that the activities alleged do not pertain to the "advisory opinion" provision in Section 306(c).