**W. Ronald EVANS, Petitioner,**

v.

**DISTRICT OF COLUMBIA BOARD OF ELECTIONS AND ETHICS, Respondent.**

No. 82–1389.

District of Columbia Court of Appeals.

Nov. 1, 1982.

Before NEWMAN, Chief Judge, and KELLY, KERN, NEBEKER, MACK, FERREN, PRYOR, BELSON and TERRY, Associate Judges.

ORDER

PER CURIAM.

On consideration of petitioner's petition for rehearing en banc, and it appearing that the majority of the judges of this court has voted to deny the petition, it is

ORDERED that petitioner's petition for rehearing en banc is denied.

Statement of reasons for voting to rehear this case en banc by KERN, Associate Judge, with whom NEBEKER and TERRY, Associate Judges, join:

I am quite frankly startled that the agency of this city charged by law with the responsibility for maintaining the integrity of the electoral process within the District of Columbia should, one week before the general election, engineer a change in its standing rules and regulations of such import. This last-minute tinkering permits ballots of questionable validity to be cast and counted without recall. It also confers unbridled discretion on 137 precinct captains scattered throughout the city to determine who may and who may not cast unchallenged ballots upon affidavit.

The real issue before the court is *not* whether an emergency exists; obviously, it does and has existed since the September 14 primary election revealed the continuing chaos in the Board's records.[1] The real issue is whether the democratic process should, in the name of that emergency, be tainted by the use of a method that may result in the irretrievable counting of invalid ballots. In my view, any "affidavit" ballot cast under this eve-of-election change is prima facie subject to challenge and should be set aside for subsequent authentication.

I do not believe this court can evade its most important statutory responsibility by seeking shelter behind the general rule of judicial deference to an administrative agency. Surely, this court is here to be something more than a rubber stamp in the administration of laws of this city. That is what we are doing in this case.

The Board, until the beginning of last week, had in place in its rules a process for Challenged or Special Ballots to meet the emergency created by the long-standing disarray in its records. Then came this last-minute change about which the petitioner so justifiably complains. I would require the Board to adhere to its established regulations rather than permit it to make an eve-of-election modification that sacrifices electoral integrity to avoid voter discontent with its inadequate recordkeeping.

---

1. Indeed, this court more than ten years ago expressed concern with the Board's procedures and directed it to improve its performance.

*Mosley v. Board of Elections of the District of Columbia,* D.C.App., 283 A.2d 210 (1971).