**John C. HAWKINS, C.B. Griffin,**

and

**Nathaniel Sims, Petitioners,**

v.

**Sandra BUTLER–TRUESDALE,**

and

**District of Columbia Board of Elections and Ethics, Respondents.**

No. 90–1422.

District of Columbia Court of Appeals.

Argued Dec. 14, 1990.
Decided Dec. 19, 1990.

James R. Haynes, for petitioners.

Vere O. Plummer, for respondent Sandra Butler–Truesdale.

William H. Lewis, for respondent District of Columbia Board of Elections and Ethics.

Before TERRY, STEADMAN and FARRELL, Associate Judges.

PER CURIAM:

Petitioners ask this court to exercise its authority under D.C.Code § 1–1315(b) (1987) to set aside the results of the election of the Ward 4 Member of the Board of Education, as certified by the District of Columbia Board of Elections and Ethics (Board of Elections), and to declare the "true results" of the election. Petitioners contend that the certified winner of the election engaged in "partisan campaigning" in violation of D.C.Code § 31–101(a) (1988).[1] Petitioners therefore would have us vacate the results of the election, invalidate the votes cast for the winning candidate, and direct the Board of Elections to certify the candidate with the second highest number of votes as the winner of the election.[2] We deny the petition.

I.

According to eight affidavits filed in support of the petition for review, from 9:00 a.m. to 7:00 p.m. on November 6, 1990 (election day), Sandra Butler–Truesdale, one of twelve candidates for Ward 4 Member of the Board of Education, drove through Ward 4 announcing from a loudspeaker mounted on the roof of her car:

Vote the straight Democratic Slate; Sharon Pratt Dixon, Mayor; Eleanor Holmes Norton, Delegate; Linda Cropp,

1. D.C.Code § 31–101(a) provides in relevant part: "The election of the members of the Board of Education shall be conducted on a nonpartisan basis...."

2. Petitioners are three individuals who voted in the November 6, 1990 election. Two of the petitioners, Nathaniel Sims and C.B. Griffin, were also candidates for the Ward 4 Member of the Board of Education. Petitioner Nathaniel Sims was the candidate who received the second highest number of votes.

At Large; Sandra Butler–Truesdale, Board of Education.[3]

Petitioners further allege that Ms. Butler–Truesdale was President of the Ward 4 Democrats while she was a candidate for Ward 4 Member of the Board of Education, and maintain this fact also placed her within the "partisanship" proscription.

On November 20, 1990, the Board of Elections certified the election results declaring Sandra Butler–Truesdale the winner.[4] On November 21, 1990, petitioners filed a timely petition in this court pursuant to D.C.Code § 1–1315(b), alleging that Ms. Butler–Truesdale's activities on election day constituted impermissible "Democratic Party slating," in violation of D.C.Code § 31–101(a).

## II.

■ This case is controlled by *Boone v. Taylor*, 256 A.2d 411 (D.C.1969), in which this court effectively held that § 31–101(a) does not prohibit partisan campaigning for membership on the Board of Education. In *Boone*, we concluded that the statute "[does] not prohibit a political party from giving its approval to a candidate or candidates," and, therefore, "a candidate is not prohibited from receiving such approval *and using the benefits of such approval to his advantage* in the same manner as a candidate may receive and use the approval, and accompanying benefits, of other organizations such as citizen associations." *Id.* at 413 (emphasis added). We made clear that campaign activities such as circulating campaign literature carrying political endorsements, issuing sample ballots containing political endorsements, using political party personnel as campaign workers, obtaining political party endorsements, and using political party funds to finance campaign expenses all fell outside the prohibition of § 31–101(a). *Id.* at 412–13. According to the petition, Ms. Butler–Truesdale used political party endorsements in her campaign for Ward 4 Member of the Board of Education.[5] The use of these party endorsements is not prohibited.

■ Petitioners argue that when Ms. Butler–Truesdale campaigned by linking her name with those of Democratic party candidates for other offices, she engaged in "slating," which § 31–101(a) prohibits. This is a play on words; Ms. Butler–Truesdale's nomination was not part of the "slate" of any party, and that is all the section forbids. We pointed out in *Boone* that Congress had established special nominating provisions applicable to Board of Education candidates, *see, e.g.,* D.C.Code § 1–1312(n), foremost of which was to require "that candidates be nominated by a petition signed by a certain number of citizens, thus insuring that the candidates should not be nominated by a political party and that there should be *no slate of candidates* representing a political party." 256 A.2d at 413 (emphasis added). We quoted with approval Judge Corcoran's statement in an unreported federal case that Congress' intent in the statute was "that candidates for the Board not be nominated by political parties or file for election under party designation." *Id.* In this case, there is no allegation that Ms. Butler–Truesdale was nominated other than by "a petition signed by a certain number of citizens"; no claim is made that she was nominated by a political party or filed for election under party designation. Thus, she did not appear on the ballot as part of any

---

3. Respondent Butler–Truesdale argues that the petition must be denied because the affidavits contain only "summarized or paraphrased statements," not "the actual complete statement[s]" which she allegedly made, and hence—quoting *Morgan v. Martin*, 327 A.2d 827, 380 (D.C.1974) —the affidavits "are not sufficient to enable an appellate court to utilize its review powers." We disagree, and conclude the petition is supported by sufficient factual allegations to enable us to decide the case, particularly in the absence of any opposing affidavits filed by respondent.

4. Ms. Butler–Truesdale received 5027 votes, followed by petitioner Sims with 4631 votes.

5. No issue is raised by petitioners of whether Ms. Butler–Truesdale actually had the party endorsement (or was merely appropriating it), and what significance, if any, the answer to that question would have in application of the statute. We note, however, that nothing in the history of § 31–101(a) cited to us suggests that it was designed to guard against deceptive or misleading campaign statements by a candidate.

"slate," and her conduct did not violate § 31–101(a).

 Also relying on *Boone*, petitioners allege that Ms. Butler–Truesdale violated § 31–101(a) because she held an "elective office"—*viz.*, President of Ward 4 Democrats—when she ran for membership on the Board of Education. This argument too has no merit. In 1969, when *Boone* was decided, the law provided that "[e]ach member of the Board of Education elected from a ward shall at the time of his nomination ... hold no elective office other than delegate or alternate delegate to a convention of a political party nominating candidates for President and Vice President of the United States." District of Columbia Elected Board of Education Act, § 3, 82 Stat. 101, 102 (1968). *See Boone*, 256 A.2d at 413 ("[Congress] provided that no candidate should hold an elective office other than delegate to a convention of a political party nominating candidates for President and Vice–President"). This requirement was repealed in 1971 by Pub.L. No. 92–220, § 3, 85 Stat. 788, 795–96 (1971) (codified at D.C.Code § 31–101(c)).[6] Therefore, Ms. Butler–Truesdale has violated no existing law regarding the "elective office" status of candidates for membership on the Board of Education.

For the reasons stated above, we conclude that Ms. Butler–Truesdale's election was nonpartisan in compliance with D.C. Code § 31–101(a). The petition to set aside the election result is, accordingly,

*Denied.*

---

**6.** D.C.Code § 31–101(c)(3) (1988) continues to prohibit an individual who *holds* the office of member of the Board of Education from holding another elective office other than delegate or alternate delegate to a political convention. That statute by its terms does not extend to a candidate for election to the Board.